# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRADLEY J. SCHMITZ, et al.,**
        **Plaintiffs,**

v.                                                                                       Case No. 18-C-0409

**MARQUETTE COUNTY CHILD SUPPORT**
**IV-D AGENCY, et al.,**
        **Defendants.**

## DECISION AND ORDER

Four individuals, proceeding pro se, filed an action in state court in Marquette County, Wisconsin, challenging various governmental practices relating to child-support enforcement. Most of the named defendants are state and county officials or agencies. However, one of the plaintiffs, Michael O'Grady, asserts a claim against an official of the Social Security Administration that he identifies as John or Jane Doe. After being served with the complaint, the Social Security Administration removed the action to this court under 28 U.S.C. § 1442. Before me now is the federal defendant's motion to dismiss the claim against him or her.

The plaintiffs' complaint, including exhibits, is 79 pages long. However, only a single paragraph relates to the claim against the federal defendant. (Compl. p. 10, ¶ 23.) In this paragraph, O'Grady alleges that, in March 2009, an unidentified employee of the Social Security Administration began withholding money from O'Grady's Social Security benefit payments pursuant to a state-court garnishment order relating to

O'Grady's unpaid child-support obligations.[1] O'Grady alleges that the defendant continued to withhold money from his payments after O'Grady provided him or her with a copy of a court order dated May 6, 1999, dismissing the underlying child-custody case.[2]

The federal defendant moves to dismiss O'Grady's claim against him under the doctrine of derivative jurisdiction. Under this doctrine, a federal court's removal jurisdiction is derivative of that of the state court. *See Minnesota v. United States*, 305 U.S. 382, 388–89 (1939). If the state court in which the action was originally filed lacked subject matter jurisdiction over the action, the federal court will acquire none upon removal, even if the federal court would have had jurisdiction if the case had been originally brought in federal court. *Id.* Here, the federal defendant argues that the Marquette County Circuit Court lacked subject-matter jurisdiction to hear O'Grady's claim against him or her, and that therefore this court must dismiss the claim for lack of subject-matter jurisdiction.

---

[1] Although not alleged in the complaint, it is clear that the Social Security Administration withheld the funds in accordance with 42 U.S.C. § 659(a), which provides that certain moneys owed to a person by the United States (including some Social Security benefits) may be garnished to pay child support or alimony.

[2] O'Grady attaches both the 2009 garnishment order and the May 6, 1999 order to his complaint. The garnishment order appears to be "regular on its face," s*ee* ECF No. 1-2 at p 74 of 79, and thus the federal defendant is almost certainly entitled to immunity from any claim O'Grady might be attempting to assert. *See* 42 U.S.C. § 659(f)(1) (providing that federal disbursement officer is not liable with respect to payments made pursuant to legal process regular on its face). Also, the May 1999 order does not suggest that O'Grady is not liable for child support. Instead, that order was entered after the county sought to voluntarily dismiss its own child-support case so that the issue of child support could be litigated as part of the O'Gradys' divorce case. *See* ECF No. 1-2 at p. 60 of 79. The Social Security Administration's receiving a copy of the 1999 order would not have affected its obligation to comply with a state-court garnishment order issued in 2009.

The federal defendant filed his or her motion to dismiss on June 18, 2018, and served it by mail on O'Grady on June 19, 2018. Under the local rules of this court, O'Grady had 21 days to file a response to the motion. *See* Civil L.R. 7(b) (E.D. Wis. 2010, rev. 2015). That time has expired, yet O'Grady has not filed a response to the motion. Under the local rules, O'Grady's failure to file a response to the motion is sufficient cause for the court to grant it. *See* Civil L.R. 7(d). Moreover, because O'Grady has not filed a response to the motion, he has not identified any basis on which the state court might have exercised jurisdiction over his claim against the federal defendant. For these reasons, I will dismiss O'Grady's claims against the federal defendant for lack of subject matter jurisdiction.[3] I will remand the remainder of the action, i.e., the plaintiffs' claims against the defendants other than the employee of the Social Security Administration, back to the state court. *See Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir. 1986) (noting that federal court may remand case removed to federal court under 28 U.S.C. § 1442 after dismissing claim against federal defendant).

For the reasons stated, **IT IS ORDERED** that the federal defendant's motion to dismiss for lack of jurisdiction (ECF No. 17) is **GRANTED**. O'Grady's claim against the

---

[3] I have considered warning O'Grady that I would treat the defendant's motion as unopposed if he did not file a response. However, as described in more detail in the defendant's brief (ECF No. 18), O'Grady has a long history of frivolous litigation in both state and federal courts. He is currently barred from filing papers in any court in the Seventh Circuit until he pays the filing fees that he has already incurred in his "campaign of frivolous litigation." *O'Grady v. Habeck*, No. 11-3881, ECF No. 14 (7th Cir. April 24, 2012). Like the present suit, O'Grady's prior frivolous suits arose out of his child-support obligations. In light of O'Grady's track record of frivolous litigation, I conclude that it is appropriate to dismiss his federal claim immediately based on his failure to respond to the motion to dismiss. Encouraging him to file a response to the motion would only invite further frivolous litigation.

employee of the Social Security Administration identified as John or Jane Doe is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the remainder of this action is **REMANDED** to the Marquette County Circuit Court.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2018.

s/Lynn Adelman
LYNN ADELMAN
District Judge